IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:97-CR-20-2-BR
No. 4:16-CV-252-BR

BORIS MURPHY,
        Petitioner,

v.                               <u>ORDER</u>

UNITED STATES OF AMERICA,
        Respondent.

      This matter is before the court on petitioner's 28 U.S.C. § 2255 motion, (DE # 137), and the government's motion to dismiss, (DE # 142).

      In 1998, petitioner pled guilty to multiple offenses, including interference with commerce by robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery") and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The court sentenced petitioner to a total term of life imprisonment. Petitioner did not appeal.

      In 2004, petitioner filed *pro se* his first § 2255 motion, which the court dismissed as untimely. (3/1/15 Order, DE # 115.) On 3 October 2016, petitioner, with the assistance of court-appointed counsel, filed this § 2255 motion and subsequently obtained the Fourth Circuit Court of Appeals' authorization, (DE # 140). Petitioner claims that, in light of the decision in <u>Johnson v. United States</u>, 125 S. Ct. 2551 (2015), Hobbs Act robbery is not a "crime of violence" under the "residual clause" of § 924(c)(3)(B), and therefore, his § 924(c) convictions, which were predicated on Hobbs Act robberies, must be vacated. (Mot., DE # 137, at 4, 12.)

      In response, the government filed the instant motion to dismiss, arguing that the § 2255 motion is untimely because petitioner filed it more than one year after the Court decided

Johnson, (Mem., DE # 143, at 4), and that the § 2255 motion is "essentially moot" because petitioner is serving life sentences for other offenses unaffected by Johnson, (id. at 5). Petitioner filed a response in opposition, contending counsel was ineffective for failing to timely file the § 2255 motion and arguing the court should reach the merits of petitioner's habeas corpus claim. (DE # 152, at 2-4.)

Subsequently, the court ordered petitioner to show cause why his § 2255 motion should not be dismissed based on the decision in United States v. Brown, 868 F.3d 297 (4th Cir. 2017). (3/8/18 Order, DE # 167.) In Brown, the Fourth Circuit Court of Appeals addressed the timeliness of a § 2255 motion where the petitioner challenged his mandatory guidelines sentence based on Johnson and other cases. 868 F.3d at 300. Petitioner filed a response to the order, arguing Brown is distinguishable because in that case the petitioner's failure to timely file the § 2255 motion was not due to ineffective assistance of counsel. (DE # 170, at 3.)

Since the time petitioner filed his response to the show cause order, the Fourth Circuit Court of Appeals has held that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)[(3)(A)]." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (footnote and citations omitted). As such, the court need not address whether petitioner timely filed his § 2255 motion. Because Hobbs Act robbery, which served as the predicate offense for petitioner's § 924(c) convictions, is a crime of violence under that statute, petitioner is not entitled to any relief under § 2255.

The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules

Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 4 October 2019.

                                                                                      _____
                                                                                                               W. Earl Britt
                                                                                                               Senior U.S. District Judge