IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:97-CR-20-2-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )    <u>ORDER</u> |
| | ) |
| BORIS MURPHY | ) |

This matter is before the court on defendant's motion for a sentence reduction. (DE # 214.)

## I.    BACKGROUND

In 1998, defendant pled guilty to multiple counts of conspiracy, firearm, and drug-related offenses, including one count of conspiracy to possess with intent to deliver crack cocaine in violation of 21 U.S.C. § 846 (Count 8), one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 11), and two counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 4 and 12). The court sentenced him to life imprisonment, plus 60 months consecutive on Count 4 and 240 months consecutive on Count 12. Defendant did not appeal. He has twice sought, unsuccessfully, habeas corpus relief. (See 3/1/15 Order, DE # 115; 10/4/19 Order, DE # 189.)

Now, defendant moves to reduce his sentence of life imprisonment to a term of years pursuant to § 404 of the First Step Act of 2018 ("First Step Act") and based on compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Mot., DE # 214, at 11; Reply, DE # 219, at 3.) The government filed a response in opposition, (DE # 217), to which defendant filed a reply, (DE # 219). In accordance with district practice, the United States Probation Office prepared a memorandum addressing defendant's request for relief under the First Step Act, (DE # 220), to

which defendant filed objections, (DE # 221). Shortly thereafter, the court received an affidavit from a third-party regarding a disciplinary incident in which defendant was involved. (DE # 222.) In response to the court's subsequent order, the government filed defendant's Bureau of Prisons sentence computation data and inmate discipline data. (DE # 223.) Most recently, defendant filed a notice of subsequently decided authority. (DE # 224.)

## II.  DISCUSSION

A.  First Step Act

As the Fourth Circuit Court of Appeals recently explained:

> Section 404 of the First Step Act authorizes district courts to "impose a reduced sentence" for specific "covered offense[s]." And the Act defines a covered offense to be "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Section 2 of the Fair Sentencing Act, in turn, reduced the sentences for trafficking in crack cocaine by raising the threshold quantity of crack for a 10-year mandatory minimum sentence from 50 grams to 280 grams and the threshold quantity for a 5-year mandatory minimum sentence from 5 grams to 28 grams. Finally, the First Step Act provides that the court "may ... impose a reduced sentence as if" § 2 of the Fair Sentencing Act "were in effect at the time the covered offense was committed." But the First Step Act makes clear that such a decision is discretionary.
>
> Accordingly, a district court presented with a First Step Act motion to reduce a sentence must first determine whether the sentence qualifies for reduction — i.e., whether it is "eligible" for consideration "on the merits." This eligibility determination is not a function of discretion but simply of applying the explicit criteria set forth in the First Step Act. First, the sentence sought to be reduced must be for a "covered offense" — that is, "a violation of a Federal criminal statute the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, and that was committed before August 3, 2010." We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C). Second, the motion for a reduction must be addressed to the court that imposed the subject sentence. And third, the sentence must not have been "previously imposed or previously reduced" under the Fair Sentencing Act and must not have been the subject of a motion made after enactment of the First Step Act that was denied "after a complete review of the motion on the merits."

> Upon determining that a sentence qualifies for review on the merits, the court is then given discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. The stated policy governing the exercise of this discretion is to bring a sentence that is qualified for reduction "in line" with a sentence that the court would have imposed under the Fair Sentencing Act had it been in effect.
>
> To determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of "intervening case law," and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a). And in considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing.

United States v. Lancaster, 997 F.3d 171, 174–75 (4th Cir. 2021) (citations omitted).

In this case, for purposes of § 404 of the First Step Act, the court first considers whether the drug-related offenses of which defendant was convicted in Counts 8 and 11 are "covered offenses." The government does not contend that defendant is ineligible for relief; rather, it urges the court to exercise its discretion to deny any reduction on these counts. (See Resp., DE # 217, at 6-7.)

Defendant committed the offenses charged in those counts in 1997. At that time, the statutory penalties were 10 years to life imprisonment. See 21 U.S.C. §§ 841(b)(1)(A) (1996), 846 (1988). Now, however, the statutory maximum penalty is 20 years imprisonment. See 21 U.S.C. §§ 841(b)(1)(C) (2018), 846 (1998). As such, and defendant having met the First Step Act's other requirements, i.e., the motion being addressed to this—the sentencing—court and defendant not having previously obtained relief under the First Step Act, the court concludes that defendant is eligible for relief.

Next, the court turns to the recalculation of defendant's sentencing guideline range. The court assumes that defendant's guideline imprisonment range remains the same because of the

multiple counts involved, (see USPO Mem., DE # 220, at 2 ("Had the Fair Sentencing Act been in effect at the time of the defendant's sentencing, the guideline range would have remained the same . . . pursuant to USSG §5G1.2(d)."), which defendant does not appear to dispute, (see Objs., DE # 221).[1]  Nonetheless, the court recognizes that in light of the retroactive lowering of the statutory maximum penalties on Counts 8 and 11, the court is required to reduce defendant's life sentences on those counts, at least, to that statutory maximum, see United States v. Collington, 995 F.3d 347, 357 (4th Cir. 2021) ("We instead conclude that the district court's overall sentencing authority is constrained by the retroactively applicable statutory maximums in § 841, such that the district court abused its discretion in letting stand a sentence that was made illegal under the Fair Sentencing Act.").

**B.      Compassionate Release**

Pursuant to 18 U.S.C. § 3582(c):

The court may not modify a term of imprisonment once it has been imposed except that—
   (1) in any case—
         (A) the court, upon motion of the Director of the Bureau of
         Prisons [("BOP")], or upon motion of the defendant after the
         defendant has fully exhausted all administrative rights to appeal
         a failure of the Bureau of Prisons to bring a motion on the
         defendant's behalf or the lapse of 30 days from the receipt of
         such a request by the warden of the defendant's facility,
         whichever is earlier, may reduce the term of imprisonment . . . ,
         after considering the factors set forth in section 3553(a) to the
         extent that they are applicable, if it finds that—
               (i) extraordinary and compelling reasons warrant
               such a reduction . . .
         and that such a reduction is consistent with applicable
         policy statements issued by the Sentencing Commission[.]

---

[1] Incidentally, unlike when defendant was sentenced, the guidelines are advisory.  United States v. Booker, 543 U.S. 220, 245 (2005).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted). Similar to motions under § 404 of the First Step Act, in deciding whether a sentence reduction based on compassionate release is appropriate, the court must also consider the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A).

Here, defendant, through counsel, submitted a compassionate release request to the BOP. (See Mot., Ex. 1, DE # 214-1.) According to defendant, as of the filing of the instant motion (which was more than 30 days after his request), he had not received a response. (Mot., DE # 214, at 4.) The government does not dispute that defendant satisfied the statute's exhaustion requirement, and therefore, the court may consider the merits of defendant's request for compassionate release.

Defendant argues that changes in § 924(c) sentences under the First Step Act constitute an extraordinary and compelling reason under § 3582(c)(1)(A)(i) to modify his sentence. (Mot., DE # 214, at 7.) The court is permitted to consider such changes "in assessing [a] defendant['s] case[], on an individualized basis, for compassionate release." McCoy, 981 F.3d at 275.

> Prior to the First Step Act, a conviction was treated as "second or subsequent," triggering the 25-year minimum sentence, even if the first § 924(c) conviction was obtained in the same case. The First Step Act ended this practice, known as sentence "stacking," by clarifying that the 25-year mandatory minimum applies only when a prior § 924(c) conviction arises from a separate case and already "has become final."

Id. (citations omitted). Had this law been in effect when defendant committed the offense in Count 12, his mandatory minimum consecutive term of imprisonment would have been five

5

years, not 20, because his first conviction under § 924(c), Count 4, was not final.  See 18 U.S.C. § 924(c)(1)(A)(i) (2018).  This difference of 15 years is significant, particularly when combined with the fact that defendant's sentences on Counts 8 and 11 must be lowered.  Accordingly, the court concludes defendant has sufficiently shown an extraordinary and compelling reason to justify a sentence reduction.

        C.        **Relief**

Having found that defendant is eligible for relief under Section 404 of the First Step Act and shown an extraordinary and compelling reason to warrant relief under § 3582(c)(1)(A)(i), the court considers the applicable § 3553(a) factors[2] and defendant's post-sentencing conduct. Prior to the instant offenses, at the age 19 and within the span of three months, defendant committed the state offenses of tampering with a vehicle, robbery with a dangerous weapon, and voluntary manslaughter.  (PSR, ¶¶ 19-21.)  Four months after being discharged from state prison, defendant began committing the instant offenses at age 24.  (See id. ¶¶ 4, 20.)

The instant offenses centered on an armed robbery of a firearms store.  Defendant and two co-defendants entered the store and stole numerous firearms.  (Id. ¶¶ 4, 9.)  During the robbery, a co-defendant struck two store employees in their heads with a metal rod.  (Id. ¶ 4.)  One employee died, and the other received massive head injuries.  (Id. ¶¶ 15-16.)  Some of the

---

[2]

    Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with ... training, medical care, or other correctional treatment in the most effective manner."

    United States v. High, 997 F.3d 181, 186 (4th Cir. May 7, 2021) (citing 18 U.S.C. § 3553(a)).  In imposing a new sentence under the First Step Act, these factors may also be used to vary or depart from the applicable guidelines range.  See Collington, 995 F.3d at 355.

stolen firearms were sold locally, (id. ¶ 7), while others were traded for crack cocaine when defendant and two co-defendants traveled to New York, (id. ¶ 13). Defendant and two co-defendants planned to murder three people who were aware of a co-defendant's possession and sale of some of the firearms. (Id. ¶ 8.) Defendant received the longest sentence among the co-defendants. Two co-defendants, including the one who inflicted the mortal and serious bodily injuries on the store employees, were sentenced to total terms of imprisonment of 660 months. (Js., DE ## 85-86.) Unlike defendant, those co-defendants did receive the benefit of the government's motions impacting their sentences, (see DE ## 81-82), and presumably that accounts for some of the disparity in their sentences.

Defendant is now 49 years old and has been in custody more than 24 years. During that time, he has taken educational courses and worked. (See Mot., Ex. 1, DE # 191-1.) He has committed four prohibited acts: use of drugs or alcohol (1999), being insolent to staff and lying or falsifying a statement (2003), and possessing a dangerous weapon (2019). (Not., DE # 223, Ex. 2.) The most recent act, one the BOP classifies as greatest severity, defendant disputes and has appealed the sanctions imposed. (See Objs., DE # 221; Aff., DE # 222.) Upon release, he plans to reside with his daughter and obtain employment in food service. (Mot., DE # 214, at 10.)

Considering all the circumstances, the court concludes that defendant's term of imprisonment should be reduced pursuant to Section 404 of the First Step Act and based on extraordinary and compelling reason under § 3582(c)(1)(A)(i). A sentence reduction satisfies the goals of sentencing, including reflecting the seriousness of the offenses, imposing just punishment, and deterring crime.

## III. CONCLUSION

Defendant's motion for a sentence reduction is ALLOWED. Defendant's sentence of imprisonment as reflected in the judgment dated 21 October 1998 is REDUCED to 240 months on Count 8 to run concurrently with the terms in Counts 1, 2, 3, and 6; to 180 months on Count 11 to run consecutively to the terms in Counts 1, 2, 3, 6, and 8; and to 60 months on Count 12 to run consecutively to all other counts, resulting in a total term of 540 months. All other provisions of the 21 October 1998 judgment shall remain in effect, including the terms of imprisonment imposed on Counts 1, 2, 3, 4, and 6. For purposes of the record, the Clerk is DIRECTED to file defendant's presentence report under seal.

This 4 October 2021.

_____
W. Earl Britt
Senior U.S. District Judge